| | |
|---|---|
| **JOHN K. HARDEN,** | **Plaintiff** |
| **v.** | **Case No. 3:15-cv-594-JHM-CHL** |
| **KEITH HILLMAN, et al.,** | **Defendants** |

## MEMORANDUM OPINION AND ORDER

Defendant Thorntons, Inc. ("Thorntons") moves for a court order to obtain the medical records of the Plaintiff, John K. Harden, from the United States Department of Veterans Affairs. (DN 52.)  Thorntons also requests a hearing on its motion.  (*Id.* at 5.)

Thorntons argues that a court order is necessary because VA regulations hold that a subpoena "is not sufficient authority for the disclosure of the requested records."  (*Id.* (citing 38 C.F.R. § 1-511(b)(1).)[1]  Thorntons asked the Plaintiff to consent to disclosure, but the Plaintiff consented only to the disclosure of records from August 1, 2014 to March 2017.  (*Id.*)  Thorntons argues that it "must be able to examine all of Plaintiff's past medical history in order to be able to determine what if any pre-existing conditions, injuries, or defects Plaintiff may have or to discover any other mitigating factors that could be presented at trial to defend against Plaintiff's claims for injuries and damages."  (*Id.* at 4.)

The Plaintiff did not respond to the motion, and the time for responding has passed. "Failure to timely respond to a motion may be grounds for granting the motion."  LR 7.1(c).

---

[1] That regulation says, in relevant part: "Court order.  …where the records sought are maintained in a VA privacy Act system of records, and are retrieved by the name or other personal identifier of a living claimant who is a citizen of the United States or an alien lawfully admitted for permanent residence, a Federal court order is the process necessary for the disclosure of such records."  38 C.F.R. § 1.511(b)(1).  The regulation specifically says that "a subpoena is not sufficient authority for the disclosure of such records …."  *Id.* § 1.511(b)(2).

The Court finds Thornton's arguments regarding the relevance of the Plaintiff's medical records to be well-taken.  The Plaintiff alleges that Defendant Keith Hillman caused "severe injuries to his back, neck, and central nervous system and his body as a whole, all in violation of Kentucky common law and statutory law, resulting in Plaintiff's having back pain, neck pain, and injuries to his body as a whole."  (DN 1, ¶ 16.)  The Plaintiff has put his alleged injuries at the heart of this lawsuit.  His medical history is discoverable.

It appears that the Plaintiff sent Thornton's counsel a consent form that did not limit the dates of the medical records he was consenting to have disclosed, but Plaintiff sent the Department of Veterans Affairs a consent form limiting disclosure to between August 2014 and March 2017.  (DN 52-4.)  Plaintiff has not disputed these assertions.

The Court notes that though Thorntons certified that it conferred in good faith with the Plaintiff before filing the motion, it did not request a telephonic status conference regarding this discovery dispute with the Court.  The Court's scheduling order says: "**All motions pertaining to unresolved discovery and scheduling disputes may not be filed without first having a joint telephonic conference with the Magistrate Judge arranged through his case manager, Theresa Burch, at 502-625-3546, or [Theresa_burch@kywd.uscourts.gov](mailto:Theresa_burch@kywd.uscourts.gov)**."  (DN 23.)  The provision requiring a telephonic status conference before filing a discovery-related motion remained in effect after the Court amended the scheduling order.  (DN 39.)

The Court **GRANTS** Thornton's motion for a court order to obtain the Plaintiff's medical records.  The Court **DENIES as moot** Thornton's request for a hearing.  The Court **ORDERS** as follows:

- o The Court **AUTHORIZES** the Department of Veterans Affairs to disclose all medical records in its possession concerning Plaintiff John K. Harden.  The information is to be

released to Sheffer Law Firm, PLLC; 101 South Fifth Street, Louisville, KY 40202. The type and extent of the information requested includes any and all medical, psychological, and business records from July 1981 to present, including, but not limited to, progress notes, emergency room records, operative notes, in-patient records, out-patient records, x-rays, MRIs, laboratory results, billing, prescription tracking, and any other records or items related to John K. Harden.