UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:15-CV-00594-JHM

JOHN K. HARDEN                                                                                                                                                 PLAINTIFF

V.

OFFICER KEITH HILLMAN,                                                                                         DEFENDANTS
**individually and in his official capacity
as a police officer of Heritage Creek, et al**

## MEMORANDUM OPINION & ORDER

This matter is before the Court on defendant Thorntons, Inc.'s motion for summary judgment (DN 58), as well as plaintiff John K. Harden's motion to amend his complaint. (DN 64.) Fully briefed, these matters are ripe for decision.

### I. BACKGROUND

In the early morning hours of August 2, 2014, Harden entered the Thorntons gas station and convenience store at 100 West Broadway in Louisville. Harden was attempting to buy beer but was refused service by the cashier, as he appeared intoxicated. Defendant Hillman was working inside the store providing security, outside of his regular hours as an officer for the City of Heritage Creek. Hillman intervened in the situation and directed Harden to leave the store. Harden did leave but returned a short time thereafter. Hillman verbally directed Harden to leave the premises, but Harden refused. Hillman then physically removed Harden from the store and placed Harden under arrest.

Once under arrest, Harden complained about being in pain. Hillman called for emergency medical services, who arrived and transported Harden to University of Louisville

Hospital. At the hospital, Hillman issued a citation to Harden for disorderly conduct, resisting arrest, and public intoxication.

Harden filed this action against Hillman, the City of Heritage Creek, and Thorntons in this Court on July 8, 2015. (DN 1.) Harden asserts claims against Hillman for deprivation of constitutional rights (Count I), assault (Count II), false arrest and unlawful imprisonment (Count III), and arrest without probable cause (Count IV). The complaint asserts that the City of Heritage Creek is liable on all counts for the actions of Hillman, and it asserts that Thorntons is liable on Counts I, III, and IV for his actions as well. Thorntons has now moved for summary judgment on all counts. (DN 58.) Hillman has also moved to amend his complaint so as to hold Thorntons liable on Count II. (DN 64.)

## II. STANDARD OF REVIEW

### A. SUMMARY JUDGMENT

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-

moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### B. MOTION FOR LEAVE TO AMEND

A motion for leave to file an amended complaint is governed by Fed. R. Civ. P. 15(a)(2), which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." A district court should freely grant leave "when justice so requires." *Id*. However, a district court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quoting *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000)) (internal quotation marks omitted).

### III. DISCUSSION

The Court will first address Thorntons motion for summary judgment as it pertains to Counts I, III, and IV. Count II will then be addressed in conjunction with Hillman's motion to amend that count.

## A. COUNT I – DEPRIVATION OF CONSTITUTIONAL RIGHTS

Count I asserts that Hillman acted under color of state law when he physically removed Harden from the convenience store and placed him under arrest, thus depriving him of various constitutional rights. Count I also asserts that, "at the time of the incidents complained of herein, Defendant Hillman was an employee of Thorntons, Inc. and was acting within the scope of his employment, thereby making Thorntons, Inc. vicariously liable for the injuries and damages sustained by Plaintiff." (Pl.'s Compl. [DN 1] ¶ 13.) Thorntons argues that summary judgment is appropriate since it is not a state actor that can be liable under 28 U.S.C. § 1983 and it is not vicariously liable for constitutional violations committed by its agents.

First, it is important to note Hillman's theory of liability. Nowhere in the complaint does Hillman assert that Thorntons itself committed constitutional violations. *Compare with Cambron v. RK Shows, Inc.*, 2014 WL 3419128, at *2–3 (W.D. Ky. July 14, 2014) (plaintiff alleged corporation committed constitutional violations). Instead, he argues that Hillman was the only defendant who actually committed a constitutional violation, and Thorntons, as his employer, is vicariously liable for those violations. Therefore, it is irrelevant whether Thorntons itself is considered a private or a state actor. The Court will presume, without deciding, that Hillman was acting under color of state law and was an agent or employee of Thorntons when he physically removed Harden and placed him under arrest, as the relevant inquiry is whether an employer may be held vicariously liable for the constitutional violations of its agents or employees.

In a similar case in this district also involving Thorntons, this Court noted that a corporation, whether public or private, could not be held vicariously liable for the constitutional violations committed by its employees:

> It is not clear that Count III alleges vicarious liability against Thorntons under § 1983. To the extent that it does, however, a corporation cannot be vicariously liable under § 1983 for the acts of an employee or independent contractor. *See*, *e.g.*, *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992), for the proposition that a corporation "cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis," since though *Monell v. Department of Social Serv.*, 436 U.S. 658 (1978), "involved a municipal corporation . . . every circuit to consider the issue has extended the holding to private corporations as well").

*Meinhart v. Campbell*, 2008 WL 1860273, at *1 (W.D. Ky. Apr. 24, 2008). There has been no intervening change within the Sixth Circuit to the rule that *Monell* prohibits vicarious liability for both private and municipal corporations under § 1983. *But see Shields v. Ill. Dept. of Corr.*, 746 F.3d 782, 789–96 (7th Cir. 2014) (questioning the propriety of applying *Monell* to private corporations). Therefore, Thorntons cannot be held liable for constitutional violations committed by Hillman as its agent or employee. *Accord Harris v. Goins*, 156 F. Supp. 3d 857, 863 (E.D. Ky. 2015). As such, Thorntons motion for summary judgment as to Count I is **GRANTED**.

### B. COUNT III – FALSE IMPRISONMENT

Count III asserts that Hillman falsely arrested and unlawfully imprisoned Harden under Kentucky law, and that as Hillman's employer, Thorntons is vicariously liable for his actions. Thorntons argues that summary judgment is appropriate, as the employer of a "moonlighting" officer acting as a private security guard cannot be vicariously liable for actions taken by the officer that are congruent with his authority as a peace officer.

"The Kentucky Supreme Court has adopted the Restatement (Third) of Agency's definition of vicarious liability." *Halcomb v. Black Mountain Resources, LLC*, 46 F. Supp. 3d

707, 711 (E.D. Ky. 2014) (citing *Papa John's Int'l, Inc. v. McCoy*, 244 S.W.3d 44, 51–52 (Ky. 2008)). Under the Restatement's definition,

> (1) An employer is subject to vicarious liability for a tort committed by its employee acting within the scope of employment.
>
> (2) An employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control. An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.
>
> (3) For purposes of this section,
>
>> (a) an employee is an agent whose principal controls or has the right to control the manner and means of the agent's performance of work, and
>>
>> (b) the fact that work is performed gratuitously does not relieve a principal of liability.

Restatement (Third) of Agency § 7.07 (2006). When the employee's conduct amounts to an intentional tort, such as false imprisonment, an employer is only vicariously liable if the employee acted with the purpose to serve the employer by committing the tort. *See Coleman v. Ferrell's Snappy Serv. of Hopkinsville, Inc.*, 2010 WL 5393855, at *4 (W.D. Ky. Dec. 22, 2010) (quoting *Am. Gen. Life & Acc. Ins. Co. v. Hall*, 74 S.W.3d 688, 692 (Ky. 2002)).

Thorntons argues that the Kentucky Court of Appeal's decision in *Smith v. Norton Hospital, Inc.*, 488 S.W.3d 23 (Ky. Ct. App. 2016) requires this Court to grant summary judgment on the vicarious liability claims in this case. In *Smith*, an off-duty peace officer who was working as a private security guard for a hospital grabbed the purse of a woman who indicated she may have a weapon on her. The woman brought various tort claims against the officer and the hospital. The Court of Appeals affirmed the grant of summary judgment to the officer on qualified immunity grounds, as well as the grant of summary judgment to the hospital.

Thorntons argues that *Smith* precludes liability for employers of off-duty peace officers who are moonlighting as security guards when they act within their authority as a peace officer.

The Court is not certain that *Smith* should be interpreted as broadly as Thorntons thinks it should. But even so, *Smith* is not yet applicable to this case. The *Smith* court first found that the officer was entitled to qualified immunity before finding that the vicarious liability claims must also "necessarily fail." *Id.* at 31. In this case, there has been no finding that Hillman is entitled to qualified immunity, as Hillman has yet to raise such an argument. Therefore, it is premature to apply the rationale of *Smith* to the present case, at least until Hillman has had an opportunity to raise the issue of whether he is entitled to qualified immunity. Further, based upon the limited record before the Court,[1] Thorntons has not otherwise met its burden in demonstrating that no genuine dispute exists as to whether Hillman's physical altercation with Harden was done within the scope of Hillman's employment with Thorntons. While Hillman acknowledged at his deposition that he acted "as an officer, with the authority of my police authority" when he physically removed Harden from Thorntons, he also stated that he acted once customer became "alarmed and annoyed," raising the issue of whether Hillman acted to serve his employer in allegedly committing the tort against Harden. (Dep. Hillman [DN 58-1] 48:8–9, 51:24–52:2.) Therefore, Thorntons motion for summary judgment as to Count III is **DENIED**.

### C. COUNT IV – MALICIOUS PROSECUTION

Count IV asserts that Hillman lacked probable cause and acted with malicious intent in bringing charges against Harden, and that as Hillman's employer, Thorntons is liable. Hillman does not make clear whether this malicious prosecution claim is made pursuant to Kentucky law or § 1983. However, Thorntons motion for summary judgment treats Count IV as a state law

---

[1] In addition to the documents Harden filed with his initial complaint, the Court only has seventeen pages of Hillman's deposition (DN 58-1) and five pages of Harden's deposition (DN 58-2) to use in deciding this motion.

claim, and Hillman's response does not argue that the claim may otherwise continue pursuant to § 1983. Therefore, the Court will address the claim as only one brought under Kentucky law.

Thorntons argues it is entitled to summary judgment on the malicious prosecution claim under the Kentucky Court of Appeals' holding in *Smith*. For the same reasons as with Count III, the Court rejects this argument, as there has been no finding that Hillman is entitled to qualified immunity. However, Thorntons also argues that it is entitled to summary judgment on the malicious prosecution claim since the criminal proceedings brought against Harden were not terminated in his favor. In Kentucky, a plaintiff bringing a malicious prosecution claim must establish the following elements:

> 1) the defendant initiated, continued, or procured a criminal or civil judicial proceeding, or an administrative disciplinary proceeding against the plaintiff;
>
> 2) the defendant acted without probable cause;
>
> 3) the defendant acted with malice, which, in the criminal context, means seeking to achieve a purpose other than bringing an offender to justice; and in the civil context, means seeking to achieve a purpose other than the proper adjudication of the claim upon which the underlying proceeding was based;
>
> 4) the proceeding, except in ex parte civil actions, terminated in favor of the person against whom it was brought; and
>
> 5) the plaintiff suffered damages as a result of the proceeding.

*Martin v. O'Daniel*, 507 S.W.3d 1, 11–12 (Ky. 2016). Proceedings are terminated in favor of the person against whom it was brought "only when their final disposition is such as to indicate the innocence of the accused." Restatement (Second) of Torts § 660. The record in this case indicates that the charges against Harden were ultimately dismissed without prejudice, with the notation of "wit NOT present NO trial." (DN 1-3, at 9–10.) In its motion for summary judgment, Thorntons interprets the notation as meaning that the charges were dismissed due to a

witness's failure to show up for trial. Harden does not rebut this interpretation in his response, instead arguing that such a dismissal is a termination of proceedings in favor of the accused.

After careful consideration, the Court finds that the proceedings were not terminated in Harden's favor. The failure of a witness to appear for trial does not "reflect upon the merits of the case," as it does not help establish Hillman's innocence of the *conduct* at the heart of the charges. *Id.* at 605. In *Chaney v. Robinson-Hill*, 2012 WL 5274738, at *3 (Ky. Ct. App. Oct. 26, 2012), the Kentucky Court of Appeals framed the issue as whether "the Commonwealth dismissed the charges because they believed [the accused] was not guilty." While the failure of a witness to appear for trial may have created a belief that the Commonwealth could no longer obtain a conviction, it is not sufficient evidence of Hillman's actual innocence of the charges. *Compare with Davidson v. Castner-Knott Dry Goods Co., Inc.*, 202 S.W.3d 597, 605 (Ky. Ct. App. 2006) (finding that charges were dismissed due to belief that accused was innocent when, in addition to witness no longer being available, Commonwealth learned prior to trial that checks at issue had been stolen from accused two months before alleged writing of bad checks, indicating innocence). Therefore, the Court finds that dismissal without prejudice due to the failure of a witness to appear for trial does not constitute a termination of the proceedings in Harden's favor. *Accord Caudill v. Felder*, 2010 WL 411474, at *5 (E.D. Ky. Jan. 29, 2010) ("Furthermore, since the plaintiff's criminal case was dismissed summarily when witnesses for the prosecution did not appear, there was no favorable termination of the proceedings on the merits of the action").

Because the proceedings were not terminated in Harden's favor, he cannot maintain a claim for malicious prosecution against Hillman. Without an underlying claim against Hillman,

there is no claim for which Thorntons could be vicariously liable. Therefore, Thorntons motion for summary judgment as to Count IV is **GRANTED**.

### D. COUNT II – ASSAULT

Count II alleges that Hillman assaulted Harden and that the City of Heritage Creek is vicariously liable for Hillman's conduct. It makes no mention of Thorntons. On this basis, Thorntons has moved for summary judgment as to Count II. In opposition, Harden argues that the entirety of the complaint leaves "no doubt" that Thorntons is a defendant to Count II. Harden has also moved to amend his complaint "to remove any ambiguity" as to whether Thorntons is a defendant in Count II. (DN 64.)

While Count II could have been stated with greater clarity, the Court finds that it has sufficiently asserted Count II against Thorntons. Paragraph 13, listed under Count I, states that, "at the time of the incidents complained of herein, Defendant Hillman was an employee of Thorntons, Inc. and was acting within the scope of his employment, thereby making Thorntons, Inc. vicariously liable for the injuries and damages sustained by Plaintiff." (Pl.'s Compl. [DN 1] ¶ 13.) Paragraph 15, listed at the beginning of Count II, "reiterates and incorporates by reference as if fully set forth herein, the allegations contained in numerical paragraphs 1–14 hereinabove." (*Id.* ¶ 15.) The conduct at issue and injuries alleged in Count I are substantially the same as those in Count II, as they both arise from Hillman physically removing Harden from the convenience store. While Count II does not explicitly state that Thorntons is a defendant to that count, it successfully incorporates its allegation that Thorntons is vicariously liable for Hillman's conduct.[2] Therefore, because the complaint already establishes that Thorntons is a defendant to Count II, Harden's motion to amend is **DENIED AS MOOT.**

---

[2] The Court also believes that the complaint sufficiently put Thorntons on notice that it would have to defend itself against the allegations in Count II, as it has asserted independent grounds for granting summary judgment on that

Alternatively, Thorntons has moved for summary judgment as to Count II on the grounds that Harden has failed to provide expert testimony that is necessary to establish causation. Count II alleges that Hillman "willfully and intentionally assaulted" Harden,[3] and it also alternatively argues that Hillman "negligently caused the above-described injuries" to Harden's back, neck, central nervous system, and body as a whole. (Pl.'s Compl. [DN 1] ¶¶ 16–17.) Both claims require evidence that the alleged damages were caused by the conduct of the defendant. *See Watts v. Appalachian Reg. Healthcare, Inc.*, 2005 WL 1540236, at *5 (Ky. Ct. App. July 1, 2006). Thorntons correctly notes that the time for Harden to disclose any expert witnesses has passed. (DN 23.)

However, granting summary judgment at this stage would be inappropriate. Harden has alleged his injuries only generally at this point, making it difficult to determine whether an expert will be necessary to prove causation. It is true that "expert testimony is necessary to support the element of causation in . . . [an] action when common knowledge or experience of lay persons cannot infer a causal connection between the [tortious conduct] and the injury." *Vaughn v. Konecranes, Inc.*, 2015 WL 1719672, at *3 (E.D. Ky. Apr. 15, 2015). But it is not so clear at this point that the injuries Harden alleges are beyond the permissible inferences a lay person could make. *See Baptist Healthcare Sys., Inc. v. Miller*, 177 S.W.3d 676, 681 (Ky. 2005) (necessity of expert to prove causation is a matter within the discretion of the trial court). Hillman is alleged to have physically lifted Harden off the floor and thrown him to the ground, causing injuries to his back, neck, central nervous system, and body as a whole. (Pl.'s Compl.

---

count, indicating that it was aware of at least the possibility that it was a defendant to that count. *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").

[3] While the complaint describes the claim as one for assault, the conduct described better reflects the tort of battery, since there was an actual touching of Harden rather than just a threatened one. *See Banks v. Fritsch*, 39 S.W.3d 474, 480 (Ky. Ct. App. 2001). Harden appears to recognize this in his response to the motion for summary judgment, as he now labels his claim as one of "assault and battery." (DN 63.)

[DN 1] ¶ 16.) There are some injuries to those areas of the body that a lay person could conclude were caused by those actions, whereas other may be beyond inference. But this is a case of simple assault and battery; it is not, for example, a medical negligence case where, "[d]ue to the complexity of medical procedures, proof . . . almost always, must take the form of expert testimony." *Stanley v. Trover*, 2016 WL 99790, at *9 (Ky. Ct. App. Jan. 8, 2016). Without a complete record before the Court as to what precise injuries Harden alleges he has suffered, the Court cannot say that expert testimony will be required to establish causation. Certainly, Harden will not be able to recover for those injuries that do require expert testimony to establish causation, but the Court cannot make that determination without knowing what those injuries are. Therefore, the lack of expert testimony does not justify removing the question of causation from the jury at this stage. As such, Thorntons motion for summary judgment as to Count II is **DENIED**.

## IV. REQUEST FOR HEARING

Thorntons has requested a hearing on its motion for summary judgment. However, the Court feels sufficiently advised to decide the issues before it at this time without conducting a hearing. Therefore, that request is denied.

## V. CONCLUSION

Therefore, for the reasons stated above, Defendant Thorntons, Inc.'s motion for summary judgment (DN 58) is **GRANTED IN PART** and **DENIED IN PART.** Further, Plaintiff John K. Harden's motion for leave to amend his complaint (DN 64) is **DENIED AS MOOT.**

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Counsel of Record

August 24, 2017