# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO: 3:15-CV-00594-JHM

JOHN K. HARDEN                                                                 PLAINTIFF

V.

OFFICER KEITH HILLMAN                                                          DEFENDANT

### Memorandum Opinion and Order

This matter is before the Court on Defendant's Motion in Limine. [DN 120]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion is **DENIED**.

## I. Background

In the early morning hours of August 2, 2014, John Harden entered a Thorntons, Inc. gas station and attempted to buy beer but was refused service by the cashier, as he appeared intoxicated. Defendant Keith Hillman was working inside the store providing security, outside of his regular hours as a police officer. Mr. Hillman intervened in the situation and directed Mr. Harden to leave the store. Mr. Harden did leave but returned a short time thereafter. Mr. Hillman verbally directed Mr. Harden to leave the premises, but Mr. Harden refused. Mr. Hillman then physically removed Mr. Harden from the store and placed him under arrest.

Mr. Harden filed the Complaint in this case on July 8, 2015. After several rounds of summary judgment motions, the remaining claims are against Mr. Hillman for excessive force in violation of 42 U.S.C. § 1983 and assault and battery.

Magistrate Judge Lindsay issued a Scheduling Order [DN 23] and the parties filed initial disclosures in accordance with Rule 26. [DN 25–26]. In Mr. Harden's initial disclosures, he identified several groups of medical personnel who may possess relevant

information—the hospital personnel at University of Louisville Hospital, medical personnel at Veterans Hospital, individuals employed by Louisville EMS, and Dr. Seline Stephen. [DN 25]. Mr. Harden noted below the designations that the listed individuals would testify about his condition and the treatment provided to him following the alleged assault by Mr. Hillman. [*Id.* at 2]. Mr. Harden did not file any designation of expert witnesses and accompanying reports or disclosures in the timeframe provided by the Court's Scheduling Order. The case progressed through pre-trial discovery and motions and is now less than two months out from the scheduled trial.

Both parties filed their final witness and exhibit lists, pretrial memoranda, and proposed voir dire and jury instructions. Mr. Hillman also filed the instant Motion in Limine. [DN 120]. He asks the Court to exclude two categories of evidence. First, Mr. Hillman asks the Court to bar testimony or inquiry into his tax reporting during his employment with Thornton because he claims that such evidence is not relevant to the triable issues. [*Id.* at 1–3]. Second, Mr. Hillman asks the Court to bar Mr. Harden from putting forth expert testimony from any medical personnel because Mr. Harden failed to file the requisite expert designations and disclosures. [*Id.* at 3]. Mr. Harden responded to the Motion in Limine arguing he did designate the medical personnel as testifying witnesses, though not as experts, and that inquiry about his tax reporting is relevant character evidence under the Federal Rules of Evidence. [DN 121].

## II. Discussion

As mentioned, Mr. Hillman moves to exclude two categories of evidence. The Court addresses each of Mr. Hillman's requests separately.

**A. Motion to Exclude Evidence of Failure to Report Income**

Mr. Hillman first moves the Court to exclude all issues surrounding the employment relationship between himself and Thorntons. [DN 120]. Specifically though, Mr. Hillman seeks the Court's aid in preventing the jury from hearing about any failure on his behalf to report his income accurately on tax documents. [*Id.* at 1–3]. Mr. Hillman argues that such evidence is not relevant, but that even if the Court finds that the evidence is relevant, its probative value is outweighed by unfair prejudice. [*Id.* at 2]. Mr. Harden responds that evidence of Mr. Hillman's failure to accurately report his income on tax documents is relevant if Mr. Harden testifies. [DN 121 at 2]. Mr. Harden explains that the untruthful reporting of income is relevant to his character for untruthfulness and, as such, is proper material for attacking his credibility on the witness stand. [*Id.*].

At issue in trial will be whether Mr. Hillman used excessive force in effectuating the arrest of Mr. Harden and whether the force used amounts to assault and battery. Assuming Mr. Hillman takes the stand and testifies, he places his credibility in issue. On cross-examination of Mr. Hillman, Mr. Harden is permitted to inquire into specific instances of Mr. Hillman's conduct if those instances are probative of Mr. Hillman's character for truthfulness or untruthfulness. Fed. R. Evid. 608(b)(1). However, extrinsic evidence of particular instances of conduct, even if probative of truthfulness or untruthfulness, is inadmissible under the same rule.

The question then is whether a failure to accurately report income on tax-related documents is conduct probative of untruthfulness. The Court believe that it is. As such, this evidence satisfies the low threshold for relevance. If Mr. Harden has a good-faith basis for believing that Mr. Hillman inaccurately reported his income on tax documents, such an inquiry on cross-examination of Mr. Hillman would be appropriate and permissible under the Federal

Rules of Evidence. Accordingly, Mr. Hillman's Motion in Limine to exclude mention of his failure to accurately report his income on tax documents is denied.

**B. Motion to Exclude All Expert Witness Testimony**

Mr. Hillman also moves the Court to issue an Order prohibiting Mr. Harden from "making any mention of medical expert opinion, or introducing medical expert testimony through Dr. Stephen or any other witness." [DN 120 at 3]. As the basis of the request, Mr. Hillman claims Mr. Harden failed to disclose any expert witness and that no expert witness reports were ever filed. [*Id.*]. Mr. Harden responds that, in accordance with the scheduling order of January 8, 2016, he submitted Rule 26 initial disclosures which included the names and likely testimony of Dr. Stephen and other medical personnel. [DN 121 at 2]. Mr. Harden further explains that the designated witnesses will "testify in a manner consistent with their medical records and the treatment that they provided." [*Id.*].

As correctly stated by Mr. Harden, Dr. Stephen and additional hospital and EMS personnel were identified in his Rule 26 disclosures. [DN 25]. Dr. Stephen is further identified as Mr. Harden's primary care physician who will testify about the treatment she provided to Mr. Harden following the incident with Mr. Hillman. [*Id.* at 2]. The identification of hospital personnel at two separate hospitals is accompanied by a notation that such witness will testify as to the treatment they provided to Mr. Harden because of the incident with Mr. Hillman. [*Id.*]. Finally, the Louisville EMS is identified and Mr. Harden explains that those individuals transported him to the hospital and will testify as to the condition in which they found him at the scene of the alleged assault. [*Id.*].

The Federal Rules of Civil Procedure require that parties disclose the identity of any expert witnesses they intend to use at trial to present evidence. Rule 26(a)(2) further classifies

experts into two categories, with different disclosure requirements for each. Rule 26(a)(2)(B) controls witnesses who have been "retained or specially employed to provide expert testimony in the case." Treating physicians and healthcare providers generally are witnesses to the case because of their having provided treatment to the underlying injury at issue in a case. To the extent such witnesses testify only to personal actions and observations, they are considered fact witnesses and are not subject to the disclosure requirement of Rule 26(a)(2)(B). *See Selby v. Kmart Corp.*, No. 1:17-CV-00042, 2017 WL 6347967, at *5 (W.D. Ky. Dec. 12, 2017). However, when a party intends to elicit testimony from a treating physician or medical provider that goes beyond the facts of diagnosis and treatment, and into areas such as causation, future treatment or impairment, that testimony is subject to the disclosure requirements of Rule 26(a)(2). *Id.*

When the testimony of non-retained witnesses goes beyond the scope of strictly factual testimony, Rule 26(a)(2)(C) requires a disclosure. The party offering that witness must disclose the subject matter on which the witness is expected to present expert testimony and "a summary of the facts and opinion to which the witness is expected to testify." In reviewing Mr. Harden's disclosure, he did disclose the subject matter upon which the witnesses would testify—his condition and treatment following the alleged assault by Mr. Hillman. Such disclosures are deficient under Rule 26(a)(2)(C) if the witnesses will be used as non-retained experts. However, such disclosures are sufficient for purposes of using the medical providers as fact witnesses testifying to their personal actions and observations. If, at trial, Mr. Harden's witnesses exceed the scope of permissible testimony, venturing into areas such as causation, future treatment or impairment, the Court will entertain objections. To the extent that Mr.

Hillman's motion seeks to exclude all testimony from the abovementioned medical personnel, the Motion in Limine is denied.

### III. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion in Limine [DN 120] is **DENIED**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., District Judge
United States District Court

May 22, 2019

cc: Counsel of Record