UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JOHN K. HARDEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:15-CV-594-CHB |
| ) | |
| v. ) | |
| ) | **ORDER GRANTING PLAINTIFF'S** |
| OFFICER KEITH HILLMAN, et al., ) | ***REMMER* MOTION** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff John K. Harden's *Remmer* Motion [R. 222] and on remand from the United States Sixth Circuit Court of Appeals, *Harden v. Hillman*, 993 F.3d 465, 485 (6th Cir. 2021), wherein the Sixth Circuit ordered a *Remmer* hearing be held to determine whether racial bias or stereotypes affected the jury deliberations in this case. Post remand, this matter was transferred to the undersigned [R. 218].

The Court desires to hold a Status Conference to discuss the parameters of the *Remmer* hearing and to set a date for the hearing. To assist the Court in defining the contours of the hearing and in preparation for the hearing, the Court **ORDERS** as follows:

1. Plaintiff John K. Harden's *Remmer* Motion [**R. 222**] is **GRANTED**. The *Remmer* hearing will be set by subsequent order of the Court.

2. A **Status Conference** is **SET** for **November 4, 2021, at the hour of 2:30 p.m.** All counsel who plan to participate in the *Remmer* hearing shall be present for the Status Conference at the Gene Snyder U.S. Courthouse in Louisville, Kentucky. Any party seeking to attend the Status Conference by telephone shall make arrangements through counsel to seek

information from Renee Koch, at renee_koch@kywd.uscourts.gov for accommodating such request.

3. Counsel **shall meet and confer** in advance of the Status Conference and further **shall submit to the Court no later than November 1, 2021**, a joint proposed plan for conducting any pre-hearing discovery (should such be allowed by the Court), as well as the requested procedures and methods for conducting the *Remmer* hearing to include whether the jurors will be questioned in a group or individually, who should question the jurors, the order for questioning the jurors, and any other relevant matters bearing on the hearing. To the extent the parties and counsel disagree on any aspects of the hearing procedures (or pre-hearing discovery), the parties shall include a separate section outlining each party's respective position on the areas of disagreement, along with citation to authority supporting such position.

4. Counsel shall further be prepared at the Status Conference to discuss (a) proposed questions for jurors to be used during the hearing; (b) the applicable standard for demonstrating bias that necessitates a new trial; (c) any requested pre-hearing discovery from the jurors; and (d) a proposed order to be used by the Court in requiring the jurors' attendance at the hearing (or any other discovery/depositions that may be permitted by the Court). *See United States v. Lanier*, No. 2:14-CR-83, 2018 WL 577017, at *1–2 (E.D. Tenn. Jan. 26, 2018).

This the 18th day of October, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

- 3 -

cc: Counsel of Record